IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:18-cr-484-ECM |
| | ) | (WO) |
| CHRISTOPHER DEAN LEONARD | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Christopher Dean Leonard ("Leonard") was charged on November 29, 2018, in a three count indictment with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On February 15, 2019, Leonard filed a motion to suppress all "tangible and testimonial evidence recovered as a result of an unlawful traffic stop" on February 7, 2017, in Montgomery, Alabama, in the Middle District of Alabama. (Doc. 17 at 1). Claiming that the stop of the vehicle in which he was a passenger was unsupported by reasonable suspicion, Leonard contends that all evidence seized and statements made should be suppressed because the traffic stop violated the Fourth Amendment to the United States Constitution. After an evidentiary hearing, the Magistrate Judge recommended the Court deny the motion to suppress. (Doc. 31). On April 5, 2019, Leonard filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 39). Upon an independent and de novo review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the

reasons which follow, the Court concludes that the Defendant's objections are due to be OVERRULED and the motion to suppress is due to be DENIED

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has reviewed the transcript of the suppression hearing in its entirety.

## DISCUSSION

On February 7, 2017, Leonard was a passenger in a vehicle driven by Michael Perkins. (Doc. 17 at 1-2). Montgomery Police officers Deberry and Livingston initiated a traffic stop because Perkins turned left without using his turn signal. (Doc. 29, Supp.

Hrg Tr. at 7 & 34). As the vehicle was coming to a stop, Leonard fled on foot.[1] (*Id.* at 7-8). Officer Deberry chased Leonard and eventually tackled him. (*Id.* at 8).

> When I apprehended Mr. Leonard, we went to the ground. There was a brief struggle. I was able to get him detained. I then rolled him over, and I noticed that his shirt had come up, and I could see there was a black pistol inside a holster that was clipped to the front of his waistband.

(*Id.* at 9).

While conducting a search incident to the arrest, Deberry also found several bags of marijuana in Leonard's shorts.

The Defendant first objects to the Magistrate Judge's credibility findings, citing to inconsistencies in the officers' testimonies, and bias on the part of the Magistrate Judge because of the way in which the Court conducted the hearing, the Court's findings in the Report and Recommendation, and the Magistrate Judge's former position as "Government lawyer." (Doc. 39).

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives

---

[1] Leonard admits that he fled from the officers. (Doc. 39 at 2 & 20).

> from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky v. United States*, 510 U.S. 540, 555–56 (1994)

Leonard's conclusory allegations that the Magistrate Judge was biased is simply insufficient as a matter of law. His objection is due to be overruled.

The Court now turns to the crux of Leonard's objections. Leonard alleges that the initial traffic stop violated the Fourth Amendment because officers lacked reasonable suspicion to initiate the traffic stop because Perkins had not violated any traffic laws.[2]

Although Leonard argue that officers' reason for the traffic stop was pretextual, the law is clear that an officer's subjective intent is not dispositive. "[A]n officer's motive in making a traffic stop does not invalidate what is otherwise "objectively justifiable behavior" under the Fourth Amendment." The intent of the officer, actual or theoretical, is irrelevant to the determination of whether the traffic stop was valid. *See United States v. Holloman*, 113 F.3d 192, 194 (11th Cir. 1997). Furthermore, as the Supreme Court has said, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Thus, the Defendant's objection on this basis is due to be overruled.

---

[2] In this vein, Leonard objects to the Magistrate Judge's credibility findings related to the officers arguing that the officers' testimonies were inconsistent.

Although Leonard focuses on whether the officers had reasonable suspicion to initiate the traffic stop, he ignores a fatal flaw in the motion to suppress – Leonard was not seized when the officers activated their lights and siren to initiate the traffic stop. Leonard readily admitted that he fled from the officers before the vehicle in which he was a passenger came to a complete stop. "A person is 'seized' within the meaning of the Fourth Amendment "only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall,* 446 U.S. 544, 553, (1980); *see also Brendlin v. California*, 551 U.S. 249, 254 (2007) ("A person is seized by the police and thus entitled to challenge the government's actions under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement....") (quotation marks omitted).

In this case, Leonard was not seized when the traffic stop was initiated because he fled. "An attempted seizure, without actual submission, is not a seizure for Fourth Amendment purposes." *Id*. *See also California v. Hodari D.*, 499 U.S. 621, 626 n. 2 (2010) ("[N]either usage nor common-law tradition makes an *attempted* seizure a seizure."). Although the officers initiated a traffic stop, because Leonard did not submit to that show of authority, he was not seized until he was arrested by Deberry. *See Hodari D.*, 499 U.S. at 629 ("since Hodari did not comply with that injunction [to stop] he was not seized until he was tackled.").

Furthermore, the court concludes that officer Deberry had reasonable suspicion to attempt to stop Leonard once he fled from the vehicle. It is undisputed that Leonard fled

5

before the vehicle came to a complete stop; Leonard was in a known high drug activity area; and Deberry smelled marijuana on Leonard as he chased him.

> An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime. *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). But officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation.

*Illinois v. Wardlow*, 528 U.S. 119, 124 (2000).

In this case, regardless of whether Perkins had violated any traffic laws, Leonard's flight from the officer, coupled with his presence in a high drug crime area and the smell of marijuana coming from him, are sufficient to justify Deberry's reasonable suspicion that Leonard was engaged in illegal drug activity.

> In this case, moreover, it was not merely [Wardlow's] presence in the area of heavy narcotics trafficking that aroused the officers' suspicion, but his unprovoked flight upon noticing the police. Our cases have also recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion.

*Id*.

Reasonable suspicion "does not require officers to catch the suspect in a crime. Instead, '[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity.'" *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (quoting *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000)). Thus, Leonard's objections to the Recommendation are due to be overruled.

Finally, to the extent that Leonard alleges that the traffic stop was the product of official misconduct, he points the Court to no evidence of such, and his objection on this basis is due to be overruled.

**CONCLUSION**

For these reasons as stated, the court concludes that Leonard's Fourth Amendment rights were not violated, and the motion to suppress is due to be denied. Accordingly, it is

ORDERED as follows that:

1. the Defendant's objections (doc. 39) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 31) is ADOPTED; and

3. the Defendant's motion to suppress (doc. 17) is DENIED.

Done this 10th day of July, 2019.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE